356

No. 17,895.

BOARD OF COUNTY COMMISSIONERS OF YUMA COUNTY,
ET AL. *v.* GILBERT T. CARPENTER.

(303 P. [2d] 1104)

Decided October 1, 1956.   Rehearing denied December 3, 1956.

Mr. WALTER L. GRUTTER, Mr. JOSEPH T. CALLAHAN, for plaintiffs in error.

Messrs. THOMPSON and OZMAN, for defendant in error.

Mr. S. ARTHUR HENRY, amicus curiae.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the Court.

· THIS is termed a friendly action in mandamus to determine or construe the statutes relating to taxation of property annexed from one school district to another by statutory authority of the county superintendent of schools of the annexing district.

School District No. 1 in Yuma county, Colorado, by statutory classification, is a second class school district. The qualified electors of said district at an election, the regularity of which is not questioned, authorized a bond issue in the sum of $325,000 for the purpose of erecting a school building and other additions and equipment, and the bonds were issued and outstanding at the time of the commencement of this action.

School Districts Nos. 5, 8, 19, 30 and 106 were neighboring districts and at the time of the issuance of the bonds on February 1, 1955, were third class school districts as classified by statute. On July 6, 1955, Districts Nos. 5, 19, 30 and 106 were dissolved pursuant to statute, and on July 14, 1955, following, the county superintendent of schools of Yuma county, under authority of C.R.S. '53, 123-7-4, annexed all of the territory that was included in these districts to District No. 1. The real estate of a then defendant, Marion Black, in school district No. 8, who had defaulted, was detached by the county superintendent from district No. 8 and annexed to district No. 1; however, by amendment of the complaint and by stipulation, this territory was treated as being in a like situation as a territory formerly included in districts 5, 19, 30 and 106.

Following this annexation procedure to District No. 1, demand was made of the board of county commissioners of Yuma county, plaintiffs in error, to levy a school tax on all of the taxable property in the district, including the property of the annexed districts just described. The purpose of this requested levy was to pay principal and interest on the bond issue which was in existence prior to the annexation. The board of county commissioners refused to levy a tax on the property of the districts an-

nexed to pay on an indebtedness of the annexing district already in existence before the annexation took place, and this action in mandamus against the board was instituted.

An alternative writ of mandamus was issued. Plaintiff alleged that C.R.S. '53, 123-11-15, is mandatory upon the board to levy such tax.

The board answered, denying that C.R.S. '53, 123-11-19, is applicable and alleged that C.R.S. '53, 123-7-4, is particularly applicable and reliance was had thereon for refusal to make the levy; and finally, alleged and set out the rulings made by the commissioner of education for county superintendents, which are claimed to be binding upon the county commissioners unless set aside by an order of court of competent jurisdiction. Without setting out the communications from the commissioner of education, it is sufficient to say that such ruling was to the effect that the board was without authority to make the levy demanded by plaintiff.

On hearing, the trial court entered findings and decree in favor of plaintiff and directed that the alternative writ of mandamus be made absolute and that the county commissioners include the property annexed to district No. 1 in the levy of taxes for the payment of principal and interest on the bonds previously issued and in existence.

Reliance was had by plaintiff upon C.R.S. '53, 123-11-19, as sustaining his contention that the annexed property is subject to taxation for the purposes herein mentioned and seemingly this contention was sustained by the trial court. The board of commissioners relied upon C.R.S. '53, 123-7-4, and statutes in pari materia therewith.

The pertinent part of C.R.S. '53, 123-7-4, is as follows:

"No new district formed, as provided in sections 123-7-2 and 123-7-3, shall be entitled to any portion of the public school money until a school has actually commenced therein, and unless within six months from the

establishment of such district a school be opened and maintained as required by law, the action making such district shall be void and all actions had by such district, acting as a body corporate, shall cease and determine, and all taxes which may have been levied in the old district or districts out of which the new one was formed, shall be valid and binding upon the real and personal property of the new district, the same as if said new district had never been organized; provided, that the county superintendent may, for good cause, extend the six months to eight months. Said time of limitations shall begin to run from the time of the meeting at which it was voted to organize the district. * * *."

C.R.S. '53, 123-11-19, is as follows:

"No change in the boundary lines of such school district shall release the taxable real estate of the district from assessment and levy of taxes to pay the interest and principal of such bonds, and if there shall be any change of the lines of such school district, so as to leave any portion of the taxable real estate of the district out of the district, which was subject to taxation in the district at the time of the issue of such bonds, the assessment and levy for principal and interest of such bonds shall be made on such property as if it were still within the district, and if there shall be any change of the lines of such school district, so as to annex any taxable real estate, after the issue of such bonds, the real estate so annexed shall thereafter be subject to the assessment and levy for principal and interest of such bonds."

The regularity of the elections held on July 6, 1955, in Districts Nos. 5, 19, 30 and 106 is not questioned. It is alleged in plaintiff's complaint that a majority of the qualified electors of each district voted in favor of dissolution of their respective districts and the annexation thereof to Yuma county School District No. 1. This allegation is admitted by the answer of defendants. We believe that since the majority of the qualified electors in the several districts voted in favor of dissolution and

annexation that section 123-11-19, supra, is applicable. When a bonded indebtedness of the annexing district was in existence before the election, the electors by their action chose to assume their proportionate share of this indebtedness, all of which is equitable and just, because the annexed districts are not entitled to share the benefits provided and to be provided by the bonded indebtedness without sharing in the cost of such benefits. This obtains regardless of any existing indebtedness of the annexed districts, because the annexing district had not received any benefits from any pre-existing indebtedness of any of the annexed districts.

In accordance with the views herein expressed the judgment is affirmed.